IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **CRIMINAL NUMBER:**  4:21-cr-23 (CDL) |
| | : |
| | : **VIOLATIONS:**   18 U.S.C. § 1343 |
| **v.** | :                             18 U.S.C. § 641 |
| | :                             18 U.S.C. § 2 |
| **CURTIS PORCH** | :                             18 U.S.C. § 981(a)(1)(C) |
| | :                             28 U.S.C. § 2461(c) |
| **and** | : |
| | : |
| **DEREEN PORCH, a/k/a DEREEN FITZGERALD, a/k/a RENA FITIZGERALD, a/k/a DEREEN VERA FITZGERALD** | : |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1. On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (hereinafter "CARES"). The CARES Act was created to provide federal relief to those affected by the Coronavirus pandemic. Among other provisions, the CARES Act allocated several billion dollars to the Paycheck Protection Program (hereinafter "PPP"), which was designed to provide small businesses with loans in order to keep employees on the payroll. The CARES Act also provided the Small Business Administration (hereinafter "SBA") with several millions of dollars in additional funds for Economic Injury Disaster Loans (hereinafter "EIDLs"), which were intended to assist individuals, households, and businesses in federally declared disaster areas. The CARES Act also provided the SBA with an additional $562 million for EIDLs and $10 billion for emergency grants to businesses applying for EIDLs. The SBA is a federal agency that was created in

1953 and is dedicated, primarily, to assisting small businesses.

2. At all times material to the indictment, the SBA provided an online application process for those seeking EIDLs pursuant to the CARES Act. When requesting emergency loans or grants, the SBA required certain information from the applicant, including but not limited to the applicant's name, the legal name of the business requesting the loan/grant, the business' Employee Identification Number ("EIN"), a street address for the business applying for the loan/grant, and a bank name and accounting number where, if approved, the loan/grant money could be directly deposited. At the conclusion of the form, the applicant is required to certify, under penalty of perjury, that the information in the application is "true and correct."

3. At all times material to the indictment, "FNP Trucking, LLC" (hereinafter "FNP") was a Domestic Limited Liability Company organized by the authority of the Georgia Secretary of State on or about November 1, 2016. Defendant **CURTIS PORCH**, with an address of 8533 Par Court, Midland, Georgia was named registered agent and organizer for FNP.

4. At all times material to the indictment, "Porch to Porch Transportation, LLC" (hereinafter "Porch to Porch"), was a Domestic Limited Liability Company organized by the authority of the Georgia Secretary of State on or about August 5, 2020. Defendant **DEREEN VERA FITZGERALD**, a/k/a **DEREEN PORCH**, with an address of 7261 Leighton Road, Columbus, Georgia was named registered agent and organizer for Porch to Porch.

5. At all times material to the indictment, "Buckner Transportation, LLC" (hereinafter "Buckner"), was a Domestic Limited Liability Company organized by the authority of the Georgia Secretary of State on or about August 4, 2020. Defendant **CURTIS PORCH**, with an address of 5021 Morris Road, Columbus, Georgia was named registered agent and organizer for Buckner.

6. Among other duties, the registered agent of a Georgia Domestic Limited Liability Company is required to maintain a business address that is "the same as the address of the registered office referred to" in the Certificate of Organization. Official Code of Georgia § 14-11-209(a)(2). In this case, the official business addresses for FNP, Porch to Porch, and Buckner are all located within Muscogee County, Georgia, which is located in the Columbus Division of the Middle District of Georgia.

## THE SCHEME AND ARTIFICE

From on or about June 22, 2020, until on or about July 26, 2020, Defendants **CURTIS PORCH and DEREEN PORCH** devised a scheme and artifice to defraud the United States Small Business Administration ("SBA"), and to obtain money from the SBA, by means of material false and fraudulent pretenses and representations that related to loan and/or grant requests made to the SBA, under the auspices of the CARES Act, which resulted in monies wrongfully being issued to the Defendants by the SBA, as follows:

    A. It was part of the scheme and artifice to defraud that Defendant **DEREEN PORCH, a/k/a DEREEN V. FITZGERALD,** caused to be obtained an Employee

Identification Number ("EIN"), 85-1994667 from the Internal Revenue Service ("IRS") on or about July 16, 2020. **PORCH**, a/k/a **FITZGERALD**, used this EIN to apply for funds from the SBA on behalf of "Porch to Porch Transportation," a company which, at the time of the loan application, had no employees actively engaged in any actual trucking activities, no revenues, and no apparent assets.

B. It was further part of the scheme and artifice that Defendant **DEREEN PORCH**, a/k/a **RENA FITZGERALD**, caused to be obtained EIN 47-4085411 from the IRS on a date unknown to the Government. **PORCH**, a/k/a **FITZGERALD**, used this EIN to apply for funds from the SBA on behalf of "FNP Trucking," which was allegedly located at 7261 Leighton Road, Columbus, Georgia, the same address used by Defendant **CURTIS PORCH** to organize the business with the Georgia Secretary of State on or about November 1, 2016. At the time of **PORCH'S/FITZGERALD's** application for funds from the SBA (June 22, 2020), there is no indication that FNP Trucking had any employees actively engaged in any trucking activities, no revenues, and no apparent assets.

C. It was further part of the scheme and artifice to defraud that the Defendant **CURTIS PORCH** caused to be obtained EIN 85-2136781 from the IRS on or about July 24, 2020. **CURTIS PORCH** used this EIN to apply for funds from the SBA on behalf of "Buckner Transportation." In the application, **PORCH** maintained that Buckner Transportation had gross revenues of $268,000 for the preceding year, none of which were separately reported to the IRS. There is no indication that

Buckner Transportation had employees actively engaged in any trucking activities, any revenues, or any apparent assets during the time that **PORCH** requested assistance for Buckner from the SBA.

D. It was further part of the scheme and artifice to defraud that Defendants **CURTIS PORCH and DEREEN PORCH, a/k/a DEREEN FITZGERALD, a/k/a RENA FITZGERALD, a/k/a DEREEN VERA FITZGERALD,** wrongfully submitted or caused to be submitted at least three fraudulent loan/grant applications to the SBA on behalf of the aforementioned shell companies Porch to Porch Transportation, LLC; FNP Trucking, LLC; and Buckner Transportation, LLC, although these companies suffered no losses as a result of any harm cognizable under the CARES Act. Essentially, Defendants requested and received loans/grants from the SBA for businesses that either did not exist, did not conduct business, or only existed on paper. As a result of the fraud, the Defendants attempted to steal or convert approximately $364,200 from the SBA.

E. It was further part of the scheme and artifice to defraud that Defendants **CURTIS PORCH and DEREEN PORCH** maintained several bank accounts with Wells Fargo. Specifically, Defendant **CURTIS D. PORCH** was the account holder for Wells Fargo account number xxx-xxx-9027, and FNP Trucking, LLC, held Wells Fargo account number xxx—xxx-8366. Additionally, Defendant **DEREEN PORCH** maintained Sunt Trust account number xxx-xxx-0487 on behalf of Porch to Porch, LLC. As a result of fraudulent loan/grant applications filed by the

Defendants with the SBA, the SBA deposited a total of $364,200 into the Defendants' aforementioned accounts.

F. It was further part of the scheme and artifice to defraud that Defendants **CURTIS PORCH and DEREEN PORCH** transmitted, or caused to be transmitted, their fraudulent loan applications to the SBA in interstate commerce. Specifically, the Defendants submitted or caused to be submitted applications for loans/grants to the SBA from Georgia to a processing center in Iowa.

## COUNTS 1-3

### WIRE FRAUD

[18 U.S.C. Sect. 1343]

Paragraphs 1-6, and A through F above are incorporated by reference in each count below.

That on or about the dates alleged below in the Columbus Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the court,

**CURTIS PORCH AND DEREEN PORCH, a/k/a DEREEN FITZGERALD, a/k/a RENA FITZGERALD, a/k/a DEREEN VERA FITZGERALD,**

Defendants herein, aided and abetted by each other and by others both known and unknown to the Grand Jury, and having devised the above-described scheme and artifice to defraud and obtain money by means of material false pretenses and representations, for the purpose of executing and in order to effect this scheme and artifice, did knowingly transmit or cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, electronic applications for SBA loans/grants under the CARES Act, which originated and were

transmitted from the state of Georgia and then were received at the SBA processing facility in the state of Iowa, each such application being a separate count of this indictment and being more particularly described as follows, according to the approximate date of the loan application submission, the submitting Defendant, and the amount of revenue claimed over the previous year:

| COUNT | DATE | TAXPAYER | AMOUNT |
|---|---|---|---|
| 1 | 6-22-20 | Rena Fitzgerald | $250,000.00 |
| 2 | 7-16-20 | Dereen Fitzgerald | $215,000.00 |
| 3 | 7-26-20 | Curtis Porch | $268,000.00 |

all in violation of Title 18, United States Code, Section 1343, in connection with Title 18, United States Code, Section 2.

## COUNT 4

### THEFT OF GOVERNMENT PROPERTY

[18 U.S.C. § 641]

That between on or about June 22, 2020, and on or about July 26, 2020, in the Columbus Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the court,

**CURTIS PORCH AND DEREEN PORCH,**

Defendants herein, did willfully and knowingly steal and convert to their own use loan/grant proceeds from the Small Business Administration, in a value exceeding $1,000, to wit: approximately $364,200 in United States currency, of the goods and property of the United States;

all in violation of Title 18, United States Code, Section 641.

## FORFEITURE NOTICE
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)-Criminal Forfeiture)

1.  The allegations contained in Counts One through Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the offense(s) in violation of Title 18, United States Code, Section 1343 set forth in Counts One through Three; and/or Title 18, United States Code, Section 641 set forth in Count Four of this Indictment, the defendant(s),

**CURTIS PORCH AND DEREEN PORCH, a/k/a DEREEN FITZGERALD, a/k/a RENA FITZGERALD, a/k/a DEREEN VERA FITZGERALD,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations.

3.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred, sold to or deposited with, a third person;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), through Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
S/FOREPERSON OF THE GRAND JURY

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

Presented by:
*[signature]*
MELVIN E. HYDE, JR.
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this ___9___ day of June, AD 2021.

*[signature]*
Deputy Clerk