IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **CASE NO. 4:21-CR-23 (CDL)** |
| : | |
| **CURTIS PORCH** : | |
| : | |
| **Defendant** : | |
| : | |

### PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT

WHEREAS, on January 4, 2022, Defendant Curtis Porch (hereinafter "Porch" or "Defendant"), pled guilty to Count Four of the Indictment charging him with Theft of Government Property, in violation of Title 18, United States Code, Section 641;

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s);

AND WHEREAS, the Defendant pled guilty to a written Plea Agreement to Count Four of the Indictment charging that Porch and Co-Defendant Dereen Porch, did willfully and knowingly steal and convert to their own use loan/grant proceeds from the Small Business Administration, in a value exceeding $1,000, to wit: approximately $364,200 in

United States currency, of the goods and property of the United States; all in violation of Title 18, United States Code, Section 641;

AND WHEREAS, the United States has filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture consisting of a personal money judgment, specific directly forfeitable property, and a substitute asset;

WHEREAS, the Court has determined, based on the evidence already in the record, and the evidence set forth in the Defendant's Plea Agreement, (1) that Defendant has an ownership interest in the vehicles; (2) that the vehicles are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), or as a substitute asset thereof; and (3) that the United States has established the requisite nexus between the aforesaid offense and the following money judgment and property, to wit:

**MONEY JUDGMENT**

A. A personal money judgment in the amount of one hundred thirty-three thousand dollars ($133,000.00), which represents the total amount of theft proceeds obtained by the Defendant, Title 18, United States Code, Section 641;

**VEHICLES**

A. One (1) 2012 Porsche, Model: Panamera 2, VIN: WP0AA2A77CL014697;

B. One (1) 2016 Dodge, Model: Charger R/T, VIN: 2C3CDXCT9GH203169;

  C. One (1) 2015 Land Rover, Model: Range Rover, VIN:

  SALWR2VF6FA508123.

**SUBSTITUTE ASSET**

  A. One (1) 2016 Chevrolet, Model: Camaro, VIN: 1G1FF1R7XG0176507; and

(hereinafter referred to as the "money judgment" or "subject property")

  WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

  NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

  1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the money judgment amount, subject property, and the offense(s) of conviction, and the Defendant shall forfeit to the United States the money judgment amount and subject property.

  2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the vehicles, and to conduct any discovery that may assist in identifying, locating or disposing of the vehicles or substitute assets, and to commence any applicable proceeding to comply with statutes

governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary as to the judgment for a sum of money. FED. R. CRIM. P. Rule 32.2(c)(1).

3.  To the extent that the foregoing property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4.  Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the vehicles, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

5.  Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture/Money Judgment shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no

third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to any property subject to forfeiture following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C), for the filing of third-party petitions.

9. As issued this date, this Order of Forfeiture/Money Judgment includes a judgment for a sum of money. The United States may, at any time, move pursuant to FED. R. CRIM. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the Government locates specific assets traceable to the subject property or other assets subject

to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

10. If the amount collected from any substitute assets exceeds the personal money judgment amount, satisfying it in whole, the United States shall release any funds in such excess to Defendant Porch.

11. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

SO ORDERED, this 23rd day of May, 2022.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA