## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO. 4:21-CR-23 (CDL)** |
| | : | |
| **CURTIS PORCH** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

### RESTRAINING ORDER AND ORDER TO DEPOSIT

The United States, as authorized by Title 21, United States Code, Section 853(g), has moved the Court for a restraining order to preserve the availability of the property subject to forfeiture in the above-styled criminal action, and to take other actions to protect the interest of the United States in the property ordered forfeited. Upon consideration of the Government's motion, it appears to the Court that there is reasonable cause to enter a restraining order and an order to deposit based upon the following:

WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s);

The Defendant pled guilty to a written Plea Agreement to Count Four of the Indictment charging that Porch and Co-Defendant Dereen Porch, did willfully and

knowingly steal and convert to their own use loan/grant proceeds from the Small Business Administration, in a value exceeding $1,000, to wit: approximately $364,200 in United States currency, of the goods and property of the United States; all in violation of Title 18, United States Code, Section 641;

The United States filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment for certain property subject to forfeiture, and the Court having entered such an Order;

Defendant Porch having communicated that the Dodge Charger has already been sold, without providing any specific details related to the sale;

Arrangements were made to evaluate/appraise and seize certain property listed in the preliminary order, on July 6, 2022, at 3:00p.m. at the residence of Defendant Porch, including a Porsche Panamera;

On July 6, 2022, case agents arrived at Defendant Porch's residence as arranged, but Defendant Porch claimed to have sold the Porsche Panamera three or four days prior;

After the Government talked to defense counsel, Defendant Porch later stated that the Porsche Panamera was now in his possession and parked at his house;

The need to preserve the availability of the property subject to forfeiture through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered;

Any third party claims to the property subject to forfeiture may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of the Preliminary Order of Forfeiture/Money Judgment or any amended order in accordance with the provisions of federal forfeiture law;

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

Effective immediately, Defendant Porch, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby,

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, any property subject to forfeiture, including, but not limited to the following, to wit:

**VEHICLES**

    A.    One (1) 2012 Porsche, Model: Panamera 2, VIN: WP0AA2A77CL014697;

    B.    One (1) 2016 Dodge, Model: Charger R/T, VIN: 2C3CDXCT9GH203169;

    C.      One (1) 2015 Land Rover, Model: Range Rover, VIN: SALWR2VF6FA508123; and

**SUBSTITUTE ASSET**

    A.      One (1) 2016 Chevrolet, Model: Camaro, VIN: 1G1FF1R7XG0176507;

**CURRENCY**

    A.      Proceeds from the sale of the 2016 Dodge, Model: Charger R/T, VIN: 2C3CDXCT9GH203169.

IT IS FURTHER ORDERED that to the extent that the Dodge Charger has already been sold, Defendant Porch shall provide the Bill or Sale to the Government within seven (7) days of this Order, or otherwise provide the date of the sale, the amount of the sale, the current owner including name and address.

IT IS FURTHER ORDERED that to the extent that the Dodge Charger has already been sold, Defendant Porch shall deposit the sale proceeds with the United States Marshals Service through Special Agent Kate Furtak of the Federal Bureau of Investigation within seven (7) days of this Order. The payment shall be made to the FBI via cashier's check, made payable to the "United States Marshals Service".

IT IS FURTHER ORDERED that Defendant Porch is required to maintain the present condition of the property subject to this Order, including timely payment of all vehicle payments, until further order of this Court.

IT IS FURTHER ORDERED that the United States or any party subject to this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that the United States shall promptly serve a copy of this Restraining Order upon Defendant Porch through his counsel of record, and shall make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

SO ORDERED, this __12th___ day of _July_, 2022.

S/Clay D. Land
CLAY D. LAND,  JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA