IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO.: 4:21-CR-23 (CDL) |
| | : |
| CURTIS PORCH, | : |
|     Defendant, | : |
| | : |
| JULIANA PORCH, | : |
|     Petitioner. | : |

**FINAL ORDER OF FORFEITURE**

On May 23, 2022, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Federal Rule of Criminal Procedure 32.2(b), this Court entered a Preliminary Order of Forfeiture against Defendant Curtis Porch. The property subject to forfeiture included, but was not limited to the following vehicles/substitute asset, to wit:

**VEHICLES**

    A.    One (1) 2012 Porsche, Model: Panamera 2, VIN: WP0AA2A77CL014697;

    B.    One (1) 2016 Dodge, Model: Charger R/T, VIN: 2C3CDXCT9GH203169; and

    C.    One (1) 2015 Land Rover, Model: Range Rover, VIN: SALWR2VF6FA508123.

**SUBSTITUTE ASSET**

    A.    One (1) 2016 Chevrolet, Model: Camaro, VIN: 1G1FF1R7XG0176507.

Pending now before the Court is the United States=Motion and Memorandum for Final Order of Forfeiture.

The Court hereby makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. This Court has jurisdiction of this matter pursuant to 18 U.S.C. ' 3231, and venue is proper pursuant to 18 U.S.C. '3232 and FED. R. CRIM. P. 18.

2. The United States has furnished due and legal notice of these proceedings as required by law by sending direct notice to any person, other than the Defendant, that may have or claim a legal interest in the subject property, and by causing publication of notice of forfeiture and the intent of the United States to dispose of the property in accordance with the law.

3. The notice of forfeiture provided that any persons or entities having or claiming a legal right, title or interest in the property, within thirty (30) days of receipt of the notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture website, www.forfeiture.gov, whichever is earlier, must petition the United States District Court for the Middle District of Georgia for a hearing to adjudicate the validity of his or her alleged interest in the property pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

4. On June 22, 2022, Claimant Ally Bank filed a Verified Claim of Interest in Response to Notice of Preliminary Order of Forfeiture and Petition for Hearing, asserting an interest in the Range Rover.

5. On June 27, 2022, Claimant PNC Bank, N.A. filed a Verified Claim of Interest in Response to Notice of Preliminary Order of Forfeiture and Petition for Hearing, asserting an interest in the Chevrolet Camaro.

6. A determination was later made by the investigative agency that the Range Rover claimed by Ally Bank and the Chevrolet Camaro claimed by PNC Bank, N.A. both had substantial liens, and did not meet the net equity threshold for forfeiture. On August 23, 2022, the Government filed a Motion to Strike and Dismiss the Rover Range Rover and Chevrolet Camaro from the order of forfeiture, and the Court entered an Order granting the motion on August 26, 2022.

4. On September 23, 2022, Third-Party Petitioner Juliana Porch ("Petitioner" or "Ms. Porch") filed a Seized Asset Claim Form and associated Exhibit, asserting an interest in the 2016 Dodge Charger. The documents were entered on the docket by the Clerk on September 26, 2022.

5. On February 23, 2023, the United States filed a Motion and Memorandum to Dismiss Third-Party Petition of Juliana Porch. Ms. Porch did not file a response, and the Court entered an Order dismissing the Petitioner's petition on March 27, 2023.

6.      No other persons or entities filed third-party petitions asserting claims or interests in the above-described vehicles that are subject to forfeiture, and the time for filing such petitions has now expired.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court's May 23, 2022, Preliminary Order of Forfeiture is final as to any ancillary petitions, and all right, title, and interest in the following described vehicles are hereby forfeited to and vested in the United States, to be disposed of in accordance with the law, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(c), Federal Rules of Criminal Procedure:

**<u>VEHICLES</u>**

A.      One (1) 2012 Porsche, Model: Panamera 2, VIN: WP0AA2A77CL014697; and

B.      One (1) 2016 Dodge, Model: Charger R/T, VIN: 2C3CDXCT9GH203169.

2.      The Court shall retain jurisdiction in the case for the purpose of enforcing this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P 32.2(e), if the Government locates specific assets traceable to the theft proceeds obtained by Defendant Porch or additional assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2641(c), through 18 U.S.C. § 981(a)(1)(C).

SO ORDERED, this 3rd day of April, 2023.

S/Clay D. Land
_____
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
